**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| MATTHEW TIMOTHY MESLOH,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>WALMART,<br><br>　　　　　　　Defendant. | Case No. 3:24-CV-00494-ART-CLB<br><br>**ORDER GRANTING MOTION TO AMEND AND DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>[ECF No. 13] |

Before the Court is Plaintiff Matthew Timothy Mesloh's ("Mesloh") motion to amend complaint, (ECF No. 13), and proposed amended complaint, (ECF No. 13-1). For the reasons stated below, Mesloh's motion to amend complaint, (ECF No. 13), is granted, and his amended complaint (ECF No. 13-1), is dismissed, with leave to amend.

**I.    SCREENING STANDARD**

Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. §

1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

///

///

## II. SCREENING OF AMENDED COMPLAINT

In his amended complaint, Mesloh sues his former employer, Walmart. (ECF No. 13-1.) In reviewing his amended complaint, Mesloh's action appears to be time-barred.

Pursuant to 42 U.S.C. § 2000e-5(f)(1), a plaintiff must file his civil suit within 90 days of receiving his Notice of Right to Sue. Mesloh has failed to do so. Mesloh has indicated that he received his Notice of Right to Sue letter on March 19, 2024. (ECF No. 13-1 at 14.) Mesloh signed and filed his original complaint on November 1, 2024. (ECF No. 1-1 at 5.) Thus, Mesloh's complaint is time-barred because it was filed more than 90 days after the Notice of Right to Sue.

"The purpose of a statute of limitations 'is to require diligent prosecution of known claims, thereby providing finality and predictability in legal affairs and ensuring that claims will be resolved while evidence is reasonably available and fresh.'" *Marczuk v. Las Vegas Metro. Police Dep't*, 2019 WL 2112984 (D. Nev. Feb. 13, 2019) (citing *Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1110 (9th Cir. 2018) (quoting Statute of Limitations, Black's Law Dictionary (10th ed. 2014))); *see Dawson v. Valdez*, 797 Fed. Appx. 321, 321 (9th Cir. 2020) (The district court properly dismissed [plaintiff's] disability discrimination claim because [plaintiff] failed to file [his] claim within the applicable limitations period, and failed to allege facts sufficient to establish that the EEOC rescinded the notice of right to sue on [his] disability discrimination claim); *see also* 42 U.S.C. § 2000e-5(f)(1) (setting forth 90-day period in which Title VII complainant may bring a civil action); *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121-22 (9th Cir. 2007) (90-day period operates as a limitations period; if a litigant does not file suit within 90 days of receipt of the notice of the right to sue, the action is time-barred); *Reed v. Cognizant Tech. Sols.*, 849 Fed. Appx. 207, 208 (9th Cir. 2021) (holding that the district court properly dismissed plaintiff's action as time-barred because she filed the action after the applicable statute of limitations had run and she failed to show extraordinary circumstances beyond her control that justified equitable tolling) (internal citations omitted).

///

Here, Mesloh filed his complaint after the 90-day time limit had expired. As previously stated, Mesloh indicated in his complaint that he received a Notice of a Right to Sue from the EEOC on March 19, 2024. Pursuant Federal Rules of Civil Procedure Rule 26(a)(1), 90 days from the indicated date was June 17, 2024. The original complaint (ECF No. 1-1) was filed on November 1, 2024, well after the last day for Mesloh to file suit and is accordingly time-barred.

However, the Court will give Mesloh a chance to amend the complaint, to show if there are any extraordinary circumstances that warranted an equitable tolling (pausing) of the 90-day statute of limitation. *See Reed*, 849 Fed. Appx. at 208 (citing 42 U.S.C. § 2000e-5(f)(1)); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way") (internal citations omitted).

Accordingly, Mesloh is granted leave to file a second amended complaint to cure the deficiencies of the amended complaint. If Mesloh chooses to file a second amended complaint, he is advised that a second amended complaint supersedes (replaces) the amended complaint and, thus, the second amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Any allegations, parties, or requests for relief from prior papers that are not carried forward will no longer be before the court. Mesloh should clearly title the amended pleading as "Second Amended Complaint." For each Defendant and each claim, he must allege true facts sufficient to show that the Defendant violated his rights. Mesloh may not amend the complaint to add unrelated claims against other defendants.

The Court notes that, Mesloh will have until January 3, 2025, to file an amended complaint addressing whether equitable tolling of the 90-day statute of limitations is warranted. If Mesloh chooses not to file a second amended complaint curing the stated

deficiencies, the Court will recommend dismissal of this action for failure to state a claim.

## III.    CONCLUSION

For good cause appearing and for the reasons stated above, **IT IS ORDERED** that Mesloh's motion to amend, (ECF No. 13), is **GRANTED**.

**IT IS FURTHER ORDERED** that Mesloh's amended complaint, (ECF No. 13-1), is **DISMISSED, WITH LEAVE TO AMEND**.

**IT IS FURTHER ORDERED** that if Mesloh chooses to file a second amended complaint curing the deficiencies of his complaint, as outlined in this order, Mesloh shall file the second amended complaint by no later than **Friday, January 3, 2025**.

**IT IS FURTHER ORDERED** that if Mesloh chooses not to file a second amended complaint curing the stated deficiencies of the complaint, the Court will recommend dismissal of this action.

**DATED**: December 3, 2024

_____
**UNITED STATES MAGISTRATE JUDGE**