UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATTHEW TIMOTHY MESLOH,<br><br>Plaintiff,<br><br>v.<br><br>WALMART,<br><br>Defendant. | Case No. 3:24-CV-00494-ART-CLB<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING IN PART MOTION FOR EXTENSION OF TIME**<br><br>[ECF Nos. 20, 21] |

Before the Court is Plaintiff's motion for appointment of counsel, (ECF No. 20), and motion for extension of time to file amended complaint, (ECF No. 21). For the reasons discussed below, the motion for appointment of counsel, (ECF No. 20), is denied, and the motion for extension of time, (ECF No. 21), is granted in part.

I.    **MOTION FOR APPOINTMENT OF COUNSEL**

First, as to Plaintiff's motion for appointment of counsel, in civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In limited circumstances, courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Ageyman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, courts evaluate (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331.

///

The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

Plaintiff has failed to establish that exceptional circumstances exist in this instance. Plaintiff's motion consists simply of his request for legal assistance and states his case is complex and he cannot afford an attorney. (ECF No. 20.) As discussed above, in <u>civil cases</u>, a self-represented litigant does not have the right to appointed counsel. *See Storseth*, 654 F.2d at 1353 (emphasis added). Plaintiff's motion does not provide any information as to what would necessitate the appointment of counsel in this case or what makes this case exceptional. Nor is there any information or argument explaining why Plaintiff cannot articulate his own claims. In reviewing the docket in this case, this matter involves allegations of employment discrimination and does not appear to involve particularly complex legal issues. In sum, Plaintiff does not have the right to counsel in his civil action and he has not demonstrated that exceptional circumstances exist that would warrant the appointment of counsel. Accordingly, the motion for appointment of counsel, (ECF No. 20), is denied.

II.     **MOTION FOR EXTENSION OF TIME**

Next, Plaintiff's motion for extension of time requests an additional 90 days to file an amended complaint, in part because he is looking for counsel and has not heard back from the Court regarding his motion for appointment of counsel. (ECF No. 21.)

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) a court "may, for good cause, extend the time ... on a motion made after the time has expired if the party failed to act because of excusable neglect." Local Rule IA 6-1 also states that a request to

extend time made after the expiration of the specified period will not be granted unless the movant demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect. LR IA 6-1(a). Excusable neglect is an "elastic concept" that is determined by considering, inter alia: "the danger of prejudice to the [party not under scrutiny], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

The Court does not find that good cause exists to warrant granting a 90-day extension. However, considering Plaintiff's *pro se* status, the Court will grant the motion in part, and allow a 30-day extension to file his second amended complaint. Plaintiff shall file his second amended complaint by no later than **Friday, February 14, 2025**. The Court again notes that Plaintiff's failure to file a second amended complaint will result in a recommendation of dismissal of this action for failure to state a claim. No further extensions of time will be granted absent extraordinary circumstances.

### III. CONCLUSION

Consistent with the above, **IT IS ORDERED** that Plaintiff's motion for appointment of counsel, (ECF No. 20), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for extension of time, (ECF No. 21), is **GRANTED, in part**.

**IT IS FURTHER ORDERED** that Plaintiff shall file his second amended complaint by no later than **Friday, February 14, 2025**. No further extensions of time will be granted absent extraordinary circumstances.

**DATED**: January 14, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**